## Commonwealth v. Vaughn.

(Decided November 11, 1910.)

## Appeal from Green Circuit Court.

Criminal Law—Falsely Personating Another—Indictment—Sufficiency of Charge.—In a prosecution, under Ky. St., section 1211, for obtaining the property of another by falsely personating such other person, an indictment which charges that Henry Vaughn, colored, within twelve months before the finding of the indictment, in Green county in this State, deceitfully obtained from the Adams Express Co., one jug of whiskey intended to be delivered to the individual personated, and did appropriate it to his own use, is a good indictment.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Assistant Attorney General, and C. S. HILL for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Section 1211, Ky. Stats., is as follows:

"Every person who shall falsely and fraudulently represent or personate another, and in such assumed character shall deceitfully receive any money or valuable property of any description intended to be delivered to the individual so personated, with purpose to appropriate the same to his own use, shall be confined in the penitentiary not less than one nor more than five years."

Henry Vaughn was indicted under the statute. The circuit court sustained a demurrer to the indictment and the Commonwealth appeals.

The offense is set out in the indictment in these words:

"The said Henry Vaughn (Col.) on the 28th day of December, 1909, and within twelve months before the finding of the indictment in the county and Commonwealth aforesaid, did unlawfully, falsely and fraudulently represent and, personate one Henry Vaughn, of Gabe, Kentucky, and in such assumed character did deceitfully recover from the agent of the Adams Express Company at Greensburg, Kentucky, valuable property, to-wit: One jug of whisky intended to be delivered to the individual as personated, to-wit: Henry Vaughn, of Gabe, Kentucky, with the purpose to and did appropriate the same to his own use contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

It is suggested in the brief that the circuit court sustained the demurrer because the indictment failed to state the name of the person from whom the defendant obtained the whisky. The gist of the offense is the fraudulent personation of another, and the felonious obtaining of another's property thereby. It is only necessary that the property obtained should be so described in the indictment as to inform the defendant definitely of the particulars of the offense with which he is charged. By section 122 of the Code the indictment must contain a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and the facts must be stated with such degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case. By section 128, if an offense involve the taking of property and the property is described in other respects with sufficient certainty to identify the act, an erroneous allegation as

to the owner of the property is not material. The person from whom the defendant is charged to have obtained the whisky is described in the indictment as the agent of the Adams Express Company at Greensburg, Kentucky. The whisky is described as a jug intended to be delivered to Henry Vaughn, of Gabe, Kentucky, and the defendant is charged with falsely personating Henry Vaughn, of Gabe, Kentucky, and by this means and in that assumed character receiving from the agent the whisky. The facts charged are sufficient to apprise a person of common understanding of what is intended, and to enable the court upon conviction to enter a judgment according to the right of the case. The indictment sufficiently shows that the defendant was not the person whom he assumed to personate and that he obtained the whisky by his falsely assuming to be that person and that this he did for the fraudulent purpose of appropriating the whisky to his own use. The indictment follows closely the language of the statute and sufficiently states the facts constituting the offense to apprise the defendant of the accusation which he is to meet. We, therefore, conclude that the court erred in sustaining the demurrer to the indictment.

In order to convict the defendant the Commonwealth must show that the whisky was intended for Henry Vaughn, of Gabe, Kentucky; that the defendant falsely assumed to be Henry Vaughn, of Gabe, Kentucky, and by this personation of Henry Vaughn, of Gabe, Kentucky, fraudulently obtained whisky that was the property of another; that is, the burden of proof is on the Commonwealth to show that the defendant with intent to appropriate it to his own use, obtained the property of another by falsely assuming to be the person who was entitled to the property. If it should appear that the defendant ordered the whisky in the name of another, he would be guilty of no offense under the statute, though he got the whisky in the assumed name in which he ordered it. But this is a matter of defense.

Judgment reversed and cause remanded, with directions to the circuit court to overrule the demurrer, and for further proceedings consistent herewith.